IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mamie Jackson,<br><br>                Plaintiff,<br><br>vs.<br><br>Central Midlands Regional Transit Authority,<br><br>                Defendant. | C/A No. 3:23-cv-0138-JFA-PJG<br><br>**OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff Mamie Jackson, ("Plaintiff"), proceeding pro se, brings this civil rights action arising out of the defendant transit authority's imminent relocation of its central bus station in Columbia, South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Plaintiff's "Motion for Emergency Injunction." (ECF No. 5).

After reviewing the motion, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the motion be denied. (ECF No. 8). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on January 30, 2023 (ECF No. 17), to which Defendant replied. (ECF No. 18). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for injunction is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 8). In short, Plaintiff seeks to halt the transit authority's imminent relocation of its central bus station in Columbia, South Carolina.

In response to the Report, Plaintiff filed a motion "to strike the Report and Recommendation of Magistrate" which this court construes as objections. (ECF No 17). Each of Plaintiff's five enumerated objections will be addressed below.

Plaintiff first objects to the Report on the basis that she did not consent to a Magistrate Judge presiding over this action. However, the Local Rules of this District

3

expressly provide for referral of certain actions to the Magistrate Judge for all pretrial proceedings, which would include initial review of the instant motion. Thus, the applicable procedure/assignment as set forth in Local Civil Rule 73.02(B)(2)(e) regarding "all pretrial proceedings involving individuals proceeding pro se" being assigned to the Magistrate Judge was followed. As stated above, the undersigned has the responsibility to make a final determination. Therefore, Plaintiff's first objection is without merit.

Plaintiff next argues that the Local Rules of the District of South Carolina are discriminatory based upon race and economic status. Plaintiff provides no support for such an assertion and this objection is overruled as frivolous.

Plaintiff then claims that the Magistrate Judge failed to notify her of the deficiencies in her Complaint prior to ruling on her request for injunctive relief. Although a court is required to construe pro se pleadings liberally, it is not required to rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A review of the Report indicates that the Magistrate Judge properly reviewed Plaintiff's pleading and afforded it a liberal construction when determining Plaintiff properly asserted a motion for injunctive relief. The Magistrate Judge was not required to remedy each of Plaintiff's numerous procedural deficiencies. This is especially true considering the Magistrate Judge went on to rule on the merits of Plaintiff's motion despite the noted deficiencies. Thus, this objection is overruled.

Finally, Plaintiff again claims that she will be harmed by the relocation of the bus station. Therefore, she asserts her "constitutional rights have been violated." (ECF No. 17,

p. 4). Again, Plaintiff has failed to allege sufficient facts showing that Defendant's relocation of the bus station was motivated by race in violation of Title VI. Therefore, the Magistrate Judge was correct in concluding that Plaintiff has failed to show the essential element of a likelihood of success on the merits.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 8). For the reasons discussed above and in the Report, Plaintiff's motion for a temporary restraining order or preliminary injunction is denied without prejudice with leave to seek injunctive relief should she prevail on the merits of her claim. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

February 23, 2023　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge