IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mamie Jackson,<br><br>                    Plaintiff,<br><br>vs.<br><br>Central Midlands Regional Transit Authority,<br><br>                    Defendant. | C/A No. 3:23-cv-0138-JFA-PJG<br><br>**OPINION AND ORDER** |

## I.   INTRODUCTION

Plaintiff Mamie Jackson, ("Plaintiff"), proceeding pro se, brings this civil rights action arising out of the defendant transit authority's imminent relocation of its central bus station in Columbia, South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendant's motion to dismiss. (ECF No. 42).

After reviewing the motion and subsequent briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the motion be granted in part and denied in part. (ECF No. 52). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Defendant filed objections to the Report on June 20, 2023. (ECF No. 55). Although she received an extension of time to file objections, Plaintiff failed to object or file responses to Defendant's objections. Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion to dismiss for failure to state a claim is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 52). In response to the Report, Defendant has asserted a single objection. In short, Defendant disagrees with the Magistrate Judge's conclusion that the Amended Complaint contains sufficient allegations to support a claim for violations of the American with Disabilities Act ("ADA").

In reviewing the Amended Complaint, the Magistrate Judge determined that Plaintiff set forth allegations that the new bus stop proposed by Defendant did not contain any restrooms. Consequently, Plaintiff alleges that Defendant has failed to accommodate her disability, diabetes, as it requires her to take frequent restroom breaks. Plaintiff argues that the presence of bathrooms is a "basic standard of transportation" yet when she raised this issue with Defendant, she was told that bathrooms are a convenience rather than a necessity. Thus, the Report concludes that a "reasonable inference from Jackson's allegation is that the lack of a bathroom at the new transfer facility will prevent her from using the transit system, thus denying Jackson the benefit of this public service because of her disability." (ECF No. 52, p. 7).

Defendant takes issue with this conclusion and avers that Plaintiff has been granted ADA paratransit eligibility. Defendant argues that the law requires a transit system to "provide an alternative for that rider's inability to access vehicles, transit stops, or facilities or to independently navigate through the fixed-route system" which is accomplished here given Plaintiff's eligibility for paratransit services.

However, this argument misses the mark. Although such an argument may well be meritorious and ultimately outcome determinative, Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Thus, the Court's review is limited to those allegations in the operative complaint which are assumed to be true and construed in a light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When reviewing the Amended Complaint, Plaintiff has averred that Defendant has failed to

accommodate her disability of diabetes by removing her access to required restrooms. When accepted as true, such allegations state a claim for violation of the ADA.

Defendant's arguments are more appropriate for the summary judgment phase of litigation. Thus, Defendant has failed to show any error in the Report which necessitates amendment.

The remaining portions of the Report recommend granting Defendant's motion as to Plaintiff's Title VI claim. This portion of the Report received no objections. In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the remainder of the Report is likewise adopted.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 52). For the reasons discussed above and in the Report, Defendant's motion to dismiss is granted in part and denied in part. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

August 7, 2023                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge